### JEW THEU v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit. November 12, 1929.

No. 5840.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, claiming to be the son of an American-born Chinese father, was denied admission upon the ground that the alleged relationship was not established. By the court below his application for a writ of habeas corpus was denied, and he appeals.

Much of the oral argument was addressed to a perplexing question of procedure in the trial court, but subsequently, by stipulation, the record was put in such condition that we have only to consider the merits, and the single question is whether the evidence submitted on the application for admission so conclusively established the alleged relationship that the order of exclusion should be held arbitrary or capricious.

Admittedly the record discloses discrepancies, and on a careful consideration of them we cannot say that they are immaterial or trivial. Appellant claims to have been born in December, 1915, and he arrived in San Francisco on March 3, 1928. His age was therefore such that he should have been able to testify intelligently.

Though one of his alleged older brothers returned to the United States from China within about a month from the time he arrived, he came on a steamer in company with one Jew Yot, whom, he testified, he had scarcely known in China. It is perhaps possible, but only by a severe strain can his testimony be reconciled with that of this man touching their previous acquaintanceship.

Much more serious is the striking inconsistency between his testimony and that of an alleged older brother, Jew Yim, in respect of the place where the latter lived during a visit made by him in China for a considerable period of time immediately preceding the appellant's departure for the United States. He testified in detail that this brother and his wife resided during the visit in his (appellant's) home, whereas the brother positively testified he was not there at all. The testimony is so circumstantial that it would be unreasonable to conclude that the discrepancies arose out of any inadvertence or misunderstanding, and it is equally difficult to avoid the conclusion that one or the other knowingly testified falsely. The conflict does not seem to be susceptible of even a plausible explanation.

Less significant perhaps, but material, are discrepancies touching the location of the few houses in the village from which appellant claims to have come, and the conflicts between his testimony and that of his two alleged brothers residing in this country, namely, Jew She and Jew Hong, relative to his birthplace.

Upon the whole we are clear that under well-settled rules we would not be warranted in interfering with the conclusion of the administrative officers, and accordingly the judgment below is affirmed.